UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 05 006 L

NEU SOLUTIONS FACILITIES
SERVICES, LLC

V. C.A. NO.

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC. AND
JOSEPH J. LOMBARDI

**PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION PURSUANT TO RULES 57 AND 65(a) FED. R. CIV. P.**

Plaintiff, Neu Solutions moves this Honorable Court for a declaratory relief and preliminary injunction pursuant to Rules 57 and 65(a). The basis is the actual and anticipatory breach of contract. Neu Solutions is facing lose of $232,500 in cleaning equipment or incurring thousands of dollars to move and store equipment absent restraint before January 31, 2005. Neu Solutions faces irreparable harm under the exigent circumstances of this situation. Neu Solutions' Memorandum and Verified Complaint accompany this Memorandum.

Plaintiff, by its Attorney

Stephen R. White, Esquire # 2372
200 Centerville Road, Suite # 1
Warwick, Rhode Island 02886
1-401-732-3939 (*voice*)
1-401-737-0028 (*fax*)

Certification: I certify I provided a copy of the within by service of process on all Defendants at the time of serving the summons, verified complaint, motion for preliminary injunction and memorandum in support of motion for preliminary injunction



2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEU SOLUTIONS FACILITIES
SERVICES, LLC

CA 05-003

V. C.A. NO.

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC., AND
JOSEPH J. LOMBARDI

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF IT S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION PURSUANT TO RULES 57 AND 65(a) FED. R. CIV. P.**

*Summary*

Neu Solutions has moved for declaratory and preliminary injunctive relief pursuant to Rules 57 and 65(a) Fed. R. Civ. P. The basis for these requests is present and anticipatory breach of contract and bankruptcy without relief. Neu Solutions is unfairly and improperly facing contract interference and immediate loss of $232,550 worth of cleaning equipment and supplies or incurring thousands of dollars to move and store the same absent restraint before January 31, 2005. Neu Solutions faces irreparable harm under the exigent circumstances of this situation as it faces bankruptcy without relief. Neu Solutions filed a Verified Complaint for compensatory and punitive damages in addition to its request for declarative and injunctive relief.

This is Neu Solutions' Memorandum in support of its request for declaratory and equitable relief. This memorandum incorporates by reference the compelling facts set out in the Verified Complaint signed by Neu Solutions Managing Partner, Richard J. Miguel. This memorandum summarizes the applicable law and concludes with a request for declaratory and injunctive relief as follows:

1. That, without A.C. Moore adequately and fairly compensating Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore after January 31, 2005, it not remove or use the same.

2. That A.C. Moore adequately and fairly compensate Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore as of January 31, 2005.

3. That, without A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity be enjoined from violating their non-compete clauses by consummating any cleaning services contract for services to A.C. Moore.

4. That, without A.C. Moore adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore be enjoined from violating their non-compete clauses by consummating any cleaning services contract for services to A.C. Moore performed by any current subcontractor of Neu Solutions.

*Law*

1. <u>Injunctions in the First Circuit and the District of Rhode Island</u>

The standard for the issuance for an Injunction in the First Federal Circuit and the United States District of Rhode Island is set forth in *Silva v. East Providence Housing Authority*, 390 F. Supp 691, 695 (D.R.I. 1975), *Planned Parent hood, etc. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981), *Narragansett Indian Tribe v. Gilbert* 934 F. 2d. 4 (1st Cir. 1991) and *Cohen v. Brown University* 991 F. 2d. 888 (1st Cir. 1993). An injunction and restraining order is to preserve the "status quo" which is "the last peaceable status prior to the controversy." Wright & Miller, Federal Practice and Procedure §2948 at 465 (1973). The court must review four factors:

1. Irreparable harm to the plaintiff(s) without the injunction;
2. The harm that an injunction would cause the party enjoined;
3. The plaintiffs' likelihood of success on the merits; and
4. The public interest

Considering these four facts the following observations can be made in the case at bar.

(i) Plaintiffs will probably succeed on the merits of its claim. Neu Solutions is entitled to have the contract entered be followed in good faith. Neu Solutions is performing it obligations under the Cleaning Contract and the Subcontractor Agreements. The Defendants are violating their obligations and are each acting in bad faith and in violation of the term of the agreements involved.

(ii) Plaintiffs will suffer immediate irreparable harm absent the injunctive relief. "Irreparable injury is the kind for which monetary damages do not provide adequate compensation." *Puerto Rico Conservation Foundation v. Larson*, 797 F. Supp. 1066, 1071 (D.R.R. 1992). Without relief Neu Solutions' business will be lost to bankruptcy and it can not be recovered by monetary damages. The loss of a business to bankruptcy is difficult to calculate in damages and is a sufficient basis for a finding of irreparable injury.

(ii) Plaintiffs have no adequate remedy at law. Monetary damages will not restore the Plaintiff's business if it is forced into bankruptcy and the loss of $232,550 equipment and supplies by January 31, 2005, is catastrophic.

(iv) Taking into consideration the public interest, the balancing f the equities favors the granting of the injunctive relief to plaintiffs. The public interest will be served if injunction is granted because Neu Solutions will not be forced into bankruptcy. Bankruptcy is a last resort and not an adequate remedy at law.

2. Declaratory Judgments—Rule 57 Federal Rules of Civil Procedure

►Rule 57. Declaratory Judgments:

> The procedure for obtaining a declaratory judgment pursuant to ►Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in ►Rules 38 and ►39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

Relevant Advisory Committee Notes to Rule 57 state as follows. The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California (Code Civ.Proc. (Deering, 1937) § 1062a), Michigan (3 Comp.Laws (1929) § 13904), and Kentucky (Codes (Carroll, 1932) Civ.Pract. § 639a-3).

The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." ►*Ashwander v. Tennessee Valley Authority*, 1936, 56 S.Ct. 466, 473, 297 U.S. 288, 80 L.Ed. 688. The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared. The petitioner must have an interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited.

When declaratory relief will not be effective in settling the controversy, the court may decline to grant it. But the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable, or inappropriate, the court may *sua sponte*, if it serves a useful purpose, grant instead a declaration of rights. ►*Hasselbring v. Koepke*, 1933, 248 N.W. 869, 263 Mich. 466, 93 A.L.R. 1170. Written instruments may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the Federal act.

In Rhode Island, the Uniform Declaratory Judgment Act grants jurisdiction to the Superior Court pursuant to the Rhode Island pursuant to the Uniform Declaratory Judgments Act, RIGL 9-30-1 et. seq., to enter an affirmative decree declaring the rights and legal relationships. The Rhode Island Superior Court makes remedial declaratory rulings to relieve uncertainty and insecurity .►*Capital Properties, Inc. v. State,* 749 A. 2d 1069, 1080 (R.I. 1999)(citing ►*Sousa v. Langlois,* 196 A. 2d 838 (R.I. 1964). The purpose of declaratory judgment actions is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." ►*Providence Teachers Union v. Napolitano,* 690 A. 2d 855 (R.I. 1997). *See also* ►*Firemen's Fund Insurance Co. v. E.W. Burman, Inc.,* 391 A. 2d 99 (R.I. 1978) ("[t]he obvious purpose of the Uniform Declaratory Judgment [s] Act is to facilitate the termination of controversies"). The Rhode Island Supreme Court has consistently held that "[t]he decision to grant or to deny declaratory relief under the Uniform Declaratory Judgments Act is purely discretionary." ►*Rhode Island Orthopedic Society v. Blue Cross & Blue Shield of Rhode Island,* 748 A. 2d 1287, 1289 (R.I. 2000)(citing ►*Sullivan v. Chafee,* ►703 A .2d 748, 751 (R.I.1997)). *See also* ►*Woonsocket Teachers' Guild Local Union 951, AFT v. Woonsocket School Committee,* 694 A.2d 727, 729 (R.I.1997); ►*Vincent Co. v. First Nat'l Supermarkets, Inc.,* 683 A.2d 361, 362 (R.I.1996); ►*Lombardi v. Goodyear Loan Co.,* 549 A.2d 1025, 1027 (R.I.1988). The procedure for obtaining a declaratory judgment authorized by statute is governed by ►Super. R. Civ. P. 57. And a mandatory injunction is an available remedy to enforce a right of way through a declaratory judgment action. See *Providence and Worcester Company v. Exxon*, 116 RI 470, 487, 359 A.2D 329, 339 (1976).

*Conclusion*

Neu Solutions faces irreparable harm under the exigent circumstances of this situation facing bankruptcy without relief. Based upon the facts set out in Neu Solutions filed a Verified Complaint signed by its Managing Member Richard J. Miguel its request for declarative and injunctive relief should enter as follows:

1. That, without A.C. Moore adequately and fairly compensating Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore after January 31, 2005, it not remove or use the same.

2. That A.C. Moore adequately and fairly compensate Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore as of January 31, 2005.

3. That, without A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity be enjoined from violating their non-compete clauses by consummating any cleaning services contract for services to A.C. Moore.

4. That, without A.C. Moore adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore be enjoined from violating their non-compete clauses by consummating any cleaning services contract for services to A.C. Moore performed by any current subcontractor of Neu Solutions.

Plaintiff, by its Attorney

Stephen R. White, Esquire # 2372
200 Centerville Road, Suite #1
Warwick, Rhode Island 02886
1-401-732-3939 (*voice*)
1-401-737-0028 (*fax*)

Certification: I certify I provided a copy of the within by service of process on all Defendants at the time of serving the summons, verified complaint, motion for preliminary injunction and memorandum in support of motion for preliminary injunction

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

NEU SOLUTIONS FACILITIES
SERVICES, LLC

V. C.A. NO.
*Jury trial is demanded*

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC., AND
JOSEPH J. LOMBARDI

**VERIFIED COMPLAINT**

*Parties*

1. Plaintiff Neu Solutions, LLC ("Neu Solutions") is a Rhode Island Limited Liability Company; Richard J. Miguel is the owner and Managing Partner of Neu Solutions.

2. Defendant A.C. Moore Incorporated is a Delaware Corporation licensed and doing business in Rhode Island ("AC Moore").

3. James Mitchell is the Director of Store Planning for A.C. Moore.

4. Blue Chip Services, LTD. is a Delaware corporation ("Blue Chip").

5. Infinity Cleaning Services, Inc. on information and belief is either a Pennsylvania or New Jersey corporation ("Infinity").

6. Joseph J. Lombardi ("Lombardi") owns the stock of and is President or the controlling influence of Blue Chip Services, LTD; Lombardi also owns the stock of and is President or the controlling influence of Infinity.

*Jurisdiction and Venue*

7. This action is brought under Diversity of Citizenship pursuant to the United States Code, Title 28, Section 1332(a)(1) and 1332(b).

8. Venue is proper in Rhode Island. Neu Solutions is a Rhode Island Limited Liability Company. A.C. Moore is registered to do business in Rhode Island with a location at 300 Quaker Lane, Warwick and contracted with Neu Solutions. While Blue Chip is not a Rhode Island Corporation or registered to do business in Rhode Island, it preformed worked in Rhode Island for A.C. Moore and it contracted with Neu Solutions in Rhode Island. James Mitchell is Director of Store Planning at A.C. Moore who repeatedly interacted and negotiated with Neu Solutions, Blue Chip, Infinity, Joseph Lombardi and other current Neu Solution Sub contractors specifically regarding the issues herein. Joseph Lombardi is the owner and President of Blue Chip and Infinity who repeatedly interacted with A.C. Moore and Neu Solutions in Rhode Island. All specifically regarding the issues herein.

9. Neu Solutions seeks a Declaratory Judgment pursuant to 28 USC 2201 and Rule 57 Federal Rules Civil Procedure upon the actual controversy over the contracts between itself on the one hand and each of A.C. Moore and of Blue Chip on the other. Neu Solutions seeks a declaration of its rights and legal relations with each defendant arising from these contracts.

10. Neu Solutions seeks a Preliminary Injunction pursuant to Rule 65(a) Federal Rules Civil Procedure.

*Facts*

11. A.C. Moore is in the business of sale at retail of arts and crafts supplies from approximately 90 to 100 store locations in the northeast states of the United States.

12. Blue Chip is in the business of providing self performing cleaning services to commercial stores in multiple locations in the states of the northeast United States.

13. Infinity is in the business of providing self performing cleaning services to commercial stores in multiple locations in the states of the northeast United States.

14. Neu Solutions is in the business of providing contract managed and self performing cleaning services to commercial stores in multiple locations in the several states of the United States.

15. Prior to September 3, 2004, Blue Chip provided cleaning services to approximately two-thirds of A.C. Moore's locations.

16. On or about August 1, 2004, A.C. Moore induced Neu Solutions to enter a contract whereby Neu Solutions would provide cleaning services to 100% of A.C. Moore's locations including the all of the former Blue Chip locations. A Cleaning Agreement contract confirming this agreement commencing September 3, 2004, is attached as Exhibit 1 ("Cleaning Agreement").

17. As part of the Cleaning Agreement Neu Solutions was induced by A.C. Moore to purchase $232,550 of both new and used cleaning equipment, supplies and a new internet based tracking system specifically to perform the Cleaning Agreement.

18. Part of the $232,550 in equipment and supplies included a $61,000 Asset Purchase Agreement with Blue Chip. Neu Solutions entered this Asset Purchase Agreement verbally in August 2004 to be effective September 3, 2004. The Asset Purchase Agreement is formally dated October 1, 2004, and is attached as Exhibit 2.

19. As part of the Cleaning Agreement Neu Solutions expended the full $232,550 in reliance upon the Cleaning Agreement and the cleaning equipment and supplies are presently in place working at the various locations of A.C. Moore.

20. As part of the Cleaning Agreement Neu Solutions entered subcontractor agreements with many cleaning subcontractors in the various states where A.C. Moore is located. This includes a Subcontractor Agreement with Blue Chip attached as Exhibit 3.

21. The Blue Chip Subcontractor Agreement contains a one year non-competition clause and an equity enforcement clause at paragraphs 20(b) and (c) as follows:

> b. "[Blue Chip] shall not, either directly or indirectly, in any individual, representative, or participatory capacity, whether as an owner, stockholder, member, partner, joint venture, employer, employee, director, agent or in any other capacity, (1) solicit, provide service to, or interfere in any way with any Customer account then being serviced by NEU (New Solutions) or which was a Customer account at any time during the term of this agreement," within one year of the termination of the Subcontractor Agreement.
>
> c. [Blue Chip] does hereby acknowledge that money alone would not adequately compensate NEU for the damage to its business as a result of the breach by [Blue Chip] of its agreement of confidentiality and non-competition, and [Blue Chip] therefore agrees that in the event of any such breach, NEU, in addition to all other remedies available to it by law or in equity, will be entitled to injunctive relief for the enforcement thereof.

22. A.C. Moore and James Mitchell each knew of the existence of the Asset Purchase Agreement and the Subcontractor Agreement between Neu Solutions and Blue Chip.

23. Blue Chip, Infinity and Joseph Lombardi each knew of the Cleaning Agreement between A. C. Moore and Neu Solutions.

24. As part of the Cleaning Agreement Neu Solutions and A.C. Moore put into place a "Daily Service Quality/Payment Ticket" system to monitor and control on a daily basis the quality of service and payment for services provided by Neu Solutions to each A.C. Moore location.

25. In accordance with the Daily Service Quality/Payment Ticket system, Neu Solutions daily service provided to A.C. Moore was rated every day from on a three (3) point basis with three (3) the best and one (1) the worst.

26. Neu Solutions has an average Daily Service Quality rating of 2.38 or higher out of 3.0 for each month from October through December 2004 from all reporting A. C. Moore locations as follows: the summary of the Daily Service Quality Rating sheets is attached as Exhibit 4):

| Month (2004) | Total # Locations | # Reporting | % | Average Rating |
|---|---|---|---|---|
| October | 88 | 67 | 77% | 2.50 |
| November | 90 | 66 | 74% | 2.38 |
| December | 93 | 68 | 73.1 | 2.39 |
| January 4, 2005 | 93 | 86 | 93.4 | 2.37 |

27. On December 29, 2004, A.C. Moore by way of James Mitchell sent to Neu Solutions a "30 Day Notice of Cancellation of Corporate Cleaning Contract" stating the basis of the cancellation is Non-performance. The "30 Day Notice of cancellation" is Exhibit 5.

28. The assertion in the 30 Day Notice of Cancellation that the cancellation is based upon Non-performance is false and is merely a pretext for A.C. Moore to breach the Cleaning Agreement in order to replace Neu Solutions with Blue Chip and/or Infinity or another company operated by Joseph Lombardi.

29. In truth and fact Neu Solutions has fully fulfilled its contractual obligations to A. C. Moore set out in the Cleaning Agreement as objectively demonstrated by A.C. Moore itself, to wit: (1) the above average Daily Quality Ratings given by A.C. Moore employees in the field for three months; and (2) on December 30, 2004, AC Moore's Chief Engineer, Richard Kinkel extended Neu Solutions' cleaning contract to the A.C. Moore Distribution Warehouse Cleaning Agreement for one year to December 31, 2005. This extension is attached as Exhibit 5.

30. After the Notice of Cancellation, James Mitchell and A. C. Moore on or about January 5, 2005, advised Neu Solutions to remove all of Neu Solutions cleaning equipment and supplies from A.C. Moore's locations by the end of January 2005.

31. Neu Solutions has no alternative locations or use for the $232,550 in cleaning equipment and cleaning supplies it purchased and spread over several states in the Northeast United States at locations of A. C. Moore to perform the Cleaning Agreement.

32. Neu Solutions will incur thousands of dollars of costs to remove, relocate and store after the end of January 2005 the $232,550 in cleaning equipment and cleaning supplies it purchased and spread over several states in the Northeast United States at locations of A. C. Moore to perform the Cleaning Agreement.

33. On or about January 6, 2005, James Mitchell and A.C. Moore refused to purchase the said cleaning equipment and cleaning supplies from Neu Solutions at any price.

34. On or about January 6, 2005, Joseph Lombardi offered to buy the said cleaning equipment and supplies from Neu Solutions at an unconscionably low price.

35. James Mitchell, knowing of the Cleaning Agreement between Neu Solutions and A. C. Moore, engaged in a pattern of behavior since on or about September 2004 to present to improperly interfere with the Cleaning Agreement culminating in the 30 Day Notice of Cancellation

36. A.C. Moore, knowing of the Cleaning Agreement between Neu Solutions and A. C. Moore, engaged in a pattern of behavior since on or about September 2004 to present to improperly interfere with the Cleaning Agreement culminating in the 30 Day Notice of Cancellation.

37. Joseph Lombardi, knowing of the Cleaning Agreement between Neu Solutions and A. C. Moore, engaged in a pattern of behavior since on or about September 2004 to present to improperly interfere with the Cleaning Agreement culminating in the 30 Day Notice of Cancellation.

38. Blue Chip, knowing of the Cleaning Agreement between Neu Solutions and A. C. Moore, engaged in a pattern of behavior since on or about September 2004 to present to improperly interfere with the Cleaning Agreement culminating in the 30 Day Notice of Cancellation.

39. Infinity, knowing of the Cleaning Agreement between Neu Solutions and A. C. Moore, engaged in a pattern of behavior since on or about September 2004 to present to improperly interfere with the Cleaning Agreement culminating in the 30 Day Notice of Cancellation.

40. Neu Solutions will be damaged in the amount of $1,800,000 in lost revenue and incurred expenses if the 30 Day Notice of Cancellation goes into effect on January 29, 2005.

41. Prior to filing suit, Neu Solutions has taken every measure possible to reach out to A.C. Moore and James Mitchell to resolve this dispute and the anticipatory breach of A.C. Moore. Neu Solutions efforts were repeatedly and improperly rebuffed. This is demonstrated in Neu Solutions letter dated January 6, 2005, attached as Exhibit 6.

42. Without relief Neu Solutions faces bankruptcy.

43. The actions of the Defendants and each of them are sufficiently willful, wanton or reckless to justify awarding Neu Solutions punitive damages.

*Count One*

44. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

45. A.C. Moore is in breach of the Cleaning Agreement.

Wherefore, Neu Solutions demands judgment against A.C. Moore for $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Two*

46. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

47. A.C. Moore is in anticipatory breach of the Cleaning Agreement.

Wherefore, Neu Solutions demands judgment against A.C. Moore for $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Three*

48. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

49. A. C. Moore's conduct violates the implied covenant of good faith contained in the Cleaning Agreement.

Wherefore, Neu Solutions demands judgment against A.C. Moore for $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Four*

50. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

51. Blue Chip is in breach of the Subcontractor Agreement.

Wherefore, Neu Solutions demands judgment against Blue Chip $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Five*

52. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

53. Blue Chip is in anticipatory breach of the Subcontractor Agreement.

Wherefore, Neu Solutions demands judgment against Blue Chip $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Six*

54. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

55. James Mitchell and A.C. Moore tortiously interfered with the Cleaning Agreement.

Wherefore, Neu Solutions demands judgment against James Mitchell and A.C. Moore for $1,800,000 in compensatory damages and $1,000,000 in punitive damages

*Count Seven*

56. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

57. James Mitchell and A.C. Moore tortiously interfered with the Subcontractor Agreement.

Wherefore, Neu Solutions demands judgment against James Mitchell and A.C. Moore for $1,800,000 in compensatory damages and $1,000,000 in punitive damages.

*Count Eight*

58. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

59. Joseph Lombardi, Blue Chip, and Infinity tortiously interfered with the Cleaning Agreement.

Wherefore, Neu Solutions demands judgment against Joseph Lombardi, Blue Chip and Infinity for $1,800,000 in compensatory damages and $1,000,000 in punitive damages.

*Count Nine*

60. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

61. Neu Solutions requests this Court to construe and declare their rights, status and other legal relations vis. a vis. A. C. Moore, Joseph Lombardi, Blue Chip and/or Infinity regarding the Cleaning Agreement and the Subcontractor Agreement — and declare:

A. Neu Solutions is performing the Cleaning Agreement;

B. A. C. Moore is in breach or anticipatory breach of the Cleaning Agreement.

C. Joseph Lombardi and Blue Chip are in breach of the Subcontractor Agreement.

D. A.C. Moore is not acting in good faith.

WHEREFORE, Neu Solutions seek a declaration of its rights and responsibilities in relation to the Cleaning Agreement and the Subcontractor Agreement.

*Count Ten*

62. Neu Solutions reiterates each assertion as set forth in paragraph 1 through 43 as if expressly set forth here again.

63. Neu Solutions:

1. Is in compliance with the Cleaning Agreement and will probably succeed on the merits of that dispute;

2. Is in compliance with the Subcontractor Agreement and will probably succeed on the merits of that dispute;

3. Will suffer irreparable harm absent injunctive relief; and

3. Has no adequate remedy at law to prevent incurring thousands of dollars of moving, relocation and storage costs.

64. Balancing the equities favors granting injunctive relief to Neu Solution to preserve the status quo.

Wherefore, Neu Solutions requests an equitable injunction as follows:

1. That, without A.C. Moore adequately and fairly compensating Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore after January 31, 2005, it not remove or use the same.

2. That A.C. Moore adequately and fairly compensate Neu Solutions for the Cleaning equipment and cleaning supplies at the locations of A.C. Moore as of January 31, 2005.

3. That, without A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore, Joseph Lombardi, Blue Chip and/or Infinity be enjoined from consummating any cleaning services contract for services to A.C. Moore.

4. That, without A.C. Moore adequately and fairly compensating Neu Solutions for its net profit on the Cleaning Contract, that A.C. Moore be enjoined from consummating any cleaning services contract for services to A.C. Moore performed by any current subcontractor of Neu Solutions.

Signed under oath:

Richard J. Miguel

STATE OF RHODE ISLAND
COUNTY OF KENT

In WARWICK on the 6TH day of JANUARY, 2005, before me personally appeared RICHARD J. MIGUEL to me known and known by me to be the party executing the foregoing instrument, and he acknowledged the said instrument, by him so executed to be his free act and deed.

~~, Notary Public~~
Print Notary's name: Stephen R. White
My Commission Expires: November 20, 2005

I hereby enter my appearance as trial counsel for Richard J. Miguel.

Stephen R. White, Esq. (2372)
200 Centerville Road, Suite One
Warwick, RI 02886
(401) 732-3939