UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND JAN 18 2005 FILED

U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND 2005 FILED

NEU SOLUTIONS FACILITIES
SERVICES, LLC

V. C.A. NO. 05-006L

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC. AND
JOSEPH J. LOMBARDI

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION PURSUANT TO RULES 57 AND 65(a) FED. R. CIV. P.**

Plaintiff, Neu Solutions moves this Honorable Court for a TEMPORARY RESTRAING IN ORDER for declaratory relief and preliminary injunction pursuant to Rules 57 and 65(a). The basis is the actual and anticipatory breach of contract. Neu Solutions is facing lose of $232,500 in cleaning equipment or incurring thousands of dollars to move and store equipment absent restraint before January 31, 2005. Neu Solutions faces irreparable harm under the exigent circumstances of this situation. Neu Solutions' Memorandum and Verified Complaint accompany this Motion.

HEARING DATE:
Afternoon of January 18, 2005
Contact Plaintiffs' counsel for
exact time

Plaintiff, by its Attorney

[signature]

Stephen R. White, Esquire # 2372
200 Centerville Road, Suite #1
Warwick, Rhode Island 02886
1-401-732-3939 (*voice*)
1-401-737-0028 (*fax*)

Certification: I certify I provided a copy of the within by service of process on all Defendants at the time of serving the summons, verified complaint, motion for preliminary injunction and memorandum in support of motion for preliminary injunction

[signature]

5

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEU SOLUTIONS FACILITIES
SERVICES, LLC

V. C.A. NO. 05-006 L

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC., AND
JOSEPH J. LOMBARDI

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF IT'S MOTION FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF AND PRELIMINARY INJUNCTION PURSUANT TO RULES 57 AND 65 FED. R. CIV. P.**

*Summary*

Neu Solutions has moved for a Temporary Restraining Order and declaratory and preliminary injunctive relief pursuant to Rules 57 and 65 Fed. R. Civ. P. Plaintiff filed a Legal Memorandum in support of its motion contemporaneously with filing its complaint which sets forth the legal basis for injunctive and declaratory relief. This supplemental memorandum discusses the underlying legal basis of Plaintiffs' claims which discussion was inadvertently not included in the original memorandum.

*Law*

Neu Solutions filed a ten-count complaint against three corporations and two individuals sounding in the following four legal theories, and seeking declaratory and injunctive relief:

1. A.C. Moore is in breach of the Cleaning Agreement.
2. A. C. Moore is in anticipatory breach of the Cleaning Agreement.
3. A. C. Moore's conduct violates the implied covenant of good faith contained in the Cleaning Agreement.
4. Blue Chip is in breach of the Subcontractor Agreement.

5. Blue Chip is in anticipatory breach of the Subcontractor Agreement.
6. James Mitchell and A.C. Moore tortiously interfered with the Cleaning Agreement.
7. James Mitchell and A.C. Moore tortiously interfered with the Subcontractor Agreement.
8. Joseph Lombardi, Blue Chip, and Infinity tortiously interfered with the Cleaning Agreement.
9. Neu Solutions requested a construction and declare their rights, status and other legal relations vis. a vis. A. C. Moore, Joseph Lombardi, Blue Chip and/or Infinity regarding the Cleaning Agreement and the Subcontractor Agreement.
10. Neu Solutions requested an equitable injunction.

Breach of Contract

In *Women's Development Corporation, et al. v City of Central Falls*, 764 A.2d 151 (R.I. 2001) the Rhode Island supreme court looked to the Restatement (Second) *Contracts* § 241 at 237 for determination of the factors for material breach of contract; the Restatement suggests that a court should weigh five circumstantial elements in determining whether a breach is material:

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Anticipatory Breach

Rhode Island further recognizes the concept of Anticipatory Breach of Contract from the Restatement of Contracts, s 318 which provides in pertinent part: any of the following acts, done without justification by a promisor in a contract before he has committed a breach under the rules stated in ss 314-315, constitutes an anticipatory repudiation which is a total breach of contract: '(a) a

positive statement to the promisee, or other person having a right under the contract, indicating that the promisor will not or cannot substantially perform his contractual duties;' *Winegar v Earle*, 108 R.I. 464, 276 A.2d 468 (1971); *Russell v Salve Regina College* 938 F.2d 315, 68 Ed. Law Rep. 982 (1st Cir. 1991).

Implied Covenant of Good Faith

Rhode Island law recognizes that virtually every contract contains an implied covenant of good faith and fair dealing between the parties. *See A.A.A. Pool Serv & Supply, Inc v Aetna Cas. & Sur. Co*, 121 R.I. 96, 395 A.2d 724, 725 (1978); *Ide Farm & Stable, Inc v Cardi*, 110 R.I. 735, 297 A.2d 643, 645 (1972); *see also Fleet Nat'l Bank v Liuzzo*, 766 F.Supp. 61, 67 (D.R.I.1991); *Landry v Farmer*, 564 F.Supp. 598, 611 (D.R.I.1983). The implied covenant exists "so that the contractual objectives may be achieved," *Ide Farm*, 297 A.2d at 645.

Tortious Interference with Contract

The Rhode Island Supreme Court has held to prevail on a claim alleging tortious interference with contract, a plaintiff must show "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his [her, or its] intentional interference; and (4) damages resulting there from." *Belliveau Building Corp. v O'Coin*, 763 A.2d 622, 627 (R.I.2000) (quoting *Smith Development Corp. v. Bilow Enterprises, Inc.*, 112 R.I. 203, 211, 308 A.2d 477, 482 (1973)). After the plaintiff establishes these prima facie elements, "[t]he burden of proving sufficient justification for the interference shifts to the defendant." *Id.* To demonstrate intentional interference, a claimant need not show actual malice or ill will. Legal malice, " 'an intent to do harm without justification,' " is sufficient. *Jolicoeur Furniture Co v Baldelli*, 653 A.2d 740, 753 (R.I.1995). See *also Mesolella v City of Providence*, 508 A.2d 661, 669-70 (R.I.1986). To prevail, then, the plaintiff must prove that, ultimately, the defendant acted "without justification" or for an "improper" purpose. *Belliveau*, 763 A.2d at 628 (citing W. Page Keeton et. al., *Prosser & Keeton on the Law of Torts* ch. 24, § 129 at 978-79 (5th ed.1984)). [5] Many factors are instructive in determining whether an alleged interference with contract occurred without justification or was otherwise improper. These include the nature of the actor's conduct, the interests of the party with whom the actor's conduct interferes, and the relations between the parties. Restatement (Second) *Torts* § 767 (1979). Because the application of these factors is necessarily fact-specific, their utility and relevance in determining

justification will vary on a case-by-case basis. The Restatement (Second) *Torts* § 767 (1979) lists seven factors that may be considered in determining the appropriateness of interference; while each may not be relevant in every case, the seven factors are "(a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties."

In *Smith v Bilow*, 308 A. 2D 477, 482; 112 R.I.203 (1973) the court concluded by citing 84 A.L.R. 43, 52: "Interference with Contract Relations,' includes not merely the procurement of a breach of contract, but all invasion of contract relations, so that any act injuring or destroying persons or property which retards, makes more difficult, or prevents performance, or makes performance of a contract of less value to the promisee, may fall within its scope, it may be said that, the interest in a contract being a property right, a party thereto has a right of action against persons who are by their conduct substantially interfering with the performance thereof.'

*Conclusion*

Plaintiff will likely prevail on the merits of its counts for anticipatory breach, actual breach and tortious interference. Plaintiff's Verified Complaint demonstrates Defendants lacked good faith, materially breached and tortiously interfered with Neu Solutions' contractual relations.

Plaintiff, by its Attorney

Stephen R. White, Esquire # 2372
200 Centerville Road, Suite # 1
Warwick, Rhode Island 02886
1-401-732-3939 (*voice*)
1-401-737-0028 (*fax*)

Certification: I certify I provided a copy of the within by personal service of process on all Defendants separately or at the time of serving the summons, verified complaint, motion for preliminary injunction and memorandum in support of motion for preliminary injunction