UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEU SOLUTIONS FACILITIES SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>A.C. MOORE INCORPORATED; JAMES MITCHELL; BLUE CHIP SERVICES, LTD; INFINITY CLEANING SERVICES, INC; JOSEPH J. LOMBARDI<br><br>Defendants. | C.A. No. 05-006L |

**OBJECTION**

Defendants A. C. Moore, Inc. ("A.C. Moore") and James Mitchell ("Mitchell") hereby object to the plaintiff's Motion For Temporary Restraining Order.

In support of this objection, the Court is respectfully referred to the accompanying memorandum and Declaration of James Mitchell.

A.C. MOORE INCORPORATED
and JAMES MITCHELL

By their Attorneys,

Mark A. Pogue

Mark A. Pogue (#3441)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2005, I caused a true copy of the foregoing Objection to be served by hand delivery upon the following counsel for the Plaintiff:

Stephen R. White, Esq.
200 Centerville Road, Suite #1
Warwick, RI 02886



PRV_704602_1/MPOGUE

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEU SOLUTIONS FACILITIES SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>A.C. MOORE INCORPORATED; JAMES MITCHELL; BLUE CHIP SERVICES, LTD; INFINITY CLEANING SERVICES, INC; JOSEPH J. LOMBARDI<br><br>Defendants. | ) | C.A. No. 05-006L |

**MEMORANDUM IN SUPPORT OF OBJECTION OF DEFENDANTS A. C. MOORE, INC. AND JAMES MITCHELL TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants A. C. Moore, Inc. ("A.C. Moore") and James Mitchell ("Mitchell") submit this memorandum in support of their opposition to the motion of Plaintiff Neu Solutions Facilities Services, LLC ("Plaintiff") for a temporary restraining order. As shown below, Plaintiff's motion should be denied because Plaintiff cannot establish any of the factors needed to justify the issuance of such emergency relief.

## I. Standards For Issuance of A Restraining Order

Under Fed. R. Civ. P. 65 and the applicable case law, a temporary restraining order may only be granted if the movant establishes the following points:

1. That the plaintiff will suffer irreparable harm in the absence of the restraining order;
2. That the plaintiff is likely to succeed on the merits of its claims;
3. That the balance of harm favors the plaintiff; and
4. That the public interest favors issuance of the restraining order.

See Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 159 (1st Cir. 2004); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996); Westenfelder v. Ferguson, 998 F. Supp. 146, 150 (D.R.I. 1998).

As shown below, Plaintiff cannot make any of these showings as to defendants A.C. Moore and Mitchell.

## II. There Is No Showing Of Irreparable Harm

Irreparable injury is the kind for which monetary damages do not provide adequate compensation. Ross-Simons, 102 F.3d at 19. This is not such a case. On the contrary, Plaintiff's own motion makes clear that the damages it will allegedly incur in the absence of injunctive relief can be pinpointed to the dollar – "Neu Solutions is facing lose of [sic] $232,400 in cleaning equipment or incurring thousands of dollars to move and store equipment absent restraint…" Plaintiff's Motion For Declaratory Relief And Preliminary Injunction Pursuant To Rules 57 and 65(a) Fed. R. Civ. P. ("Pl. Motion") at 1. Money damages will therefore be adequate.

Plaintiff's vague statement that it "faces bankruptcy," see Verified Complaint ¶ 42, does not change this conclusion. First, in the absence of a more particularized showing of impending financial disaster, the statement that a Plaintiff "faces bankruptcy" does not constitute irreparable injury. Moreover, there has been no showing that money damages would be inadequate even were the Plaintiff to declare bankruptcy.

## III. There Is No Showing That Plaintiff Is Likely To Succeed On The Merits

In Counts I-III, Plaintiff alleges that A.C. Moore has breached the Cleaning Agreement or the accompanying implied covenant of good faith and fair dealing. The record shows that Plaintiff is very unlikely to prevail on this claim. In particular, the accompanying Declaration of James Mitchell (the "Mitchell Declaration") demonstrates that Plaintiff's performance of the

Cleaning Agreement was woeful, and that dozens of A.C. Moore stores complained on dozens of occasions about the unacceptable quality of the work they received from Plaintiff or its subcontractors. The detailed, documented showing of Plaintiff's poor performance contained in the Mitchell Declaration makes clear that A.C. Moore was within its rights to terminate the contract.[1] As a result, Plaintiff cannot establish a likelihood of success.

In Count VI, Plaintiff alleges that "James Mitchell and A.C. Moore tortiously interfered with the Cleaning Agreement." This claim is nonsensical. A party (or its agent, in this case James Mitchell) cannot tortiously interfere with a contract to which it is a party. See, e.g., Olympia Hotels Corp. v. Johnson Wax Development Corp., 908 F.2d 1363, 1375 (7th Cir. 1990) (Posner, J.) (stating that a party cannot interfere with its own contract); Michelson v. Exxon Research and Engineering Co., 808 F.2d 1005, 1007-08 (3d Cir. 1987); Flash Electronics, Inc. v. Universal Music & Video Distribution Corp., 312 F. Supp. 2d 379, 405 (E.D.N.Y. 2004) (holding that there can be no liability for tortiously interfering with one's own contract). For this reason alone, Plaintiff is unlikely to succeed on Count VI.

The last claim directed against A.C. Moore and Mitchell is Count VII. There, Plaintiff contends that these defendants interfered with the "Subcontractor Agreement" that Plaintiff apparently executed with Defendant Blue Chip Services, Ltd. ("Blue Chip"). Again, this claim is likely to fail. The Mitchell Declaration establishes that A.C. Moore has recently signed an agreement not with Blue Chip, but with Infinity Cleaning Services, Inc. ("Infinity") – a different company. The Subcontractor Agreement purports to prevent Blue Chip from doing business with any customer of Plaintiff "as an owner, stockholder, member, partner, joint venturer, employer, employee, director [or] agent . . . ." Verified Complaint Ex. 3, p. 20. There is no

---

[1] The Cleaning Contract gives A.C. Moore the right to terminate on 30 days' notice "should there be on going performance and cleanliness issues. . ."

evidence in the record that Blue Chip has such a relationship with Infinity. Accordingly, it is unlikely that Plaintiff will prevail on this claim, and there is certainly no basis for preventing A.C. Moore from contracting with Infinity to perform the work that Plaintiff was supposed to perform.

Moreover, by its terms, the Subcontractor Agreement prevents blue Chip from doing business with customers of Plaintiff whose identity Blue Chip "acquired solely as a result of this Agreement." But Blue Chip did not learn of A.C. Moore "solely as a result" of its work for Plaintiff. Indeed, the Verified Complaint itself recites that before A.C. Moore and Plaintiff signed the Cleaning Agreement, Blue Chip had performed work for A.C. Moore. Verified Complaint, ¶ 15. Thus, the non-compete provision in the Subcontractor Agreement does not even apply to Blue Chip's dealings with A.C. Moore, because A.C. Moore was already known to Blue Chip.

## IV. The Balance Of Harm Favors Defendants

Plaintiff is asking this court (1) to prevent A. C. Moore from removing Plaintiff's cleaning equipment and other personal property from A.C. Moore's stores after January 29, 2005, and (2) to prevent A.C. Moore and Infinity "from consummating any cleaning services contract." Pl. Motion at 6.

In the first place, the second aspect of the requested relief appears to be futile, because A.C. Moore has already executed a cleaning contract with Infinity. Mitchell Declaration, ¶ 7. Moreover, the harm that will befall A.C. Moore should the requested relief be granted far outweighs what little harm will occur to Plaintiff in the absence of the such relief. If A.C. Moore is prevented from contracting with Infinity, it will not have sufficient time to locate and investigate an alternative cleaning service before January 29, 2005 – the date Plaintiff must

remove its personal property from A.C. Moore's stores. On the other hand, because money damages can make Plaintiff whole, there is no reason for this Court to intervene into the parties' business relationships, either by forcing A.C. Moore to continue dealing with Plaintiff, or by preventing it from dealing with Infinity.

## V. The Public Interest Does Not Favor the Issuance of a Restraining Order in this Case

There is no significant overriding public interest at issue in this case that would be furthered by the issuance of a restraining order, especially given that the Plaintiff cannot meet the other three requirements relating to its motion for a temporary restraining order. The evidence contained in the record shows that A.C. Moore was clearly within its rights to terminate the Cleaning Contract with the Plaintiff. The public interest would not be served by forcing A.C. Moore to continue receiving substandard services from Plaintiff, or by preventing it from receiving cleaning services from Infinity.

Plaintiff's motion for a temporary restraining order should therefore be denied.

A.C. MOORE INCORPORATED
and JAMES MITCHELL

By their Attorneys,

Mark A. Pogue (#3441)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)



PRV_704460_1/MPOGUE

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2005, I caused a true copy of the foregoing Memorandum in Support of Objection of Defendants A.C. Moore Incorporated and James Mitchell to Plaintiff's Motion for A Temporary Restraining Order to be served by facsimile and regular mail upon the following counsel for the Plaintiff:

Stephen R. White, Esq.
200 Centerville Road, Suite #1
Warwick, RI 02886