**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEU SOLUTIONS FACILITIES SERVICES, LLC | : | |
| vs. | : | C.A. No.: 05-006L |
| A.C. MOORE INCORPORATED; JAMES MITCHELL; BLUE CHIP SERVICES, LTD; INFINITY CLEANING SERVICES, INC. and JOSEPH J. LOMBARDI | : | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2)**

Now come defendants, Blue Chip Services, Ltd., Infinity Cleaning Services, Inc. and Joseph J. Lombardi, and hereby move this court pursuant to F.R.C.P. 12(b)(2) to dismiss plaintiff's complaint for lack of personal jurisdiction. Specifically, these defendants request that Count IV, Count V, Count VIII and Count IX and any request for relief concerning these defendants in plaintiff's complaint be dismissed. In support of their motion, defendants rely upon the attached memorandum, all pleadings and papers on file, and the affidavit of Joseph J. Lombardi.

Defendants,
**Blue Chip Services, Ltd., Infinity Cleaning Services, Inc. and Joseph J. Lombardi**
By Their Attorney,

David M. Campbell, Esq. (#3355)
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

10

**CERTIFICATION**

I, the undersigned, do hereby certify that I mailed a true copy of the within document on this 20th day of January, 2005 to:

Stephen R. White, Esq.
200 Centerville Road, Suite 1
Warwick, RI 02886

Mark A. Pogue, Esq.
Raymond M. Ripple, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEU SOLUTIONS FACILITIES SERVICES, LLC | : | |
| vs. | : | C.A. No.: 05-006L |
| A.C. MOORE INCORPORATED; JAMES MITCHELL; BLUE CHIP SERVICES, LTD; INFINITY CLEANING SERVICES, INC. and JOSEPH J. LOMBARDI | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2)**

This matter is before the court on the motion to dismiss pursuant to F.R.C.P. 12(b)(2) filed by defendants, Blue Chip Services, Ltd. ("BCS"), Infinity Cleaning Services, Inc. ("ICS") and Joseph J. Lombardi ("Lombardi"). Defendants submit that this court lacks personal jurisdiction over defendants and that all counts and claims which concern defendants should be dismissed. Plaintiff's request for a temporary restraining order was denied by this court on January 18, 2005 and a hearing on plaintiff's request for a preliminary injunction is scheduled for January 24, 2005. Defendants involvement in the defense of the preliminary injunction and attendance at any hearing before this court is specifically not intended to represent a submission to this court's personal jurisdiction in any respect. Defendants specifically reserve their objection to personal jurisdiction and submit that this court's analysis of the jurisdictional issue should be limited to defendants activities in Rhode Island prior to the subject litigation.

Defendants' motion should be granted and plaintiff's complaint dismissed because defendants do not maintain the necessary minimum contacts with Rhode Island to support jurisdiction pursuant to R.I.G.L. §9-5-33. BCS and ICS are separate and distinct entities each

10

incorporated in Delaware. BCS was incorporated in 1992 and has a principal place of business in Wilmington, Delaware and ICS was incorporated in 2001 and has a principal place of business in West Chester, Pennsylvania. Both companies are engaged as building maintenance contractors and Lombardi is the president of both companies. Neither company has qualified to do business in the State of Rhode Island as a foreign corporation and neither company has conducted any business or derived any revenue from Rhode Island activities. Lombardi lives in Pennsylvania and has not traveled to Rhode Island for any business purpose and, to the best of his recollection, has not been to Rhode Island for any purpose.

Contrary to the allegations contained in paragraph 8 of plaintiff's complaint, BCS has not performed work in Rhode Island for defendant, A.C. Moore Incorporated ("ACM") or anyone else. ICS has only provided services in Pennsylvania. BCS, ICS and Lombardi did not "repeatedly interact" with plaintiff and ACM in Rhode Island. Any personal contact by and between the parties herein occurred outside the State of Rhode Island. The subcontract agreement between BCS and plaintiff was mailed to BCS in Wilmington, Delaware and executed there by Lombardi and mailed back to plaintiff in Pawtucket, Rhode Island.

The allegations contained in plaintiff's complaint are both inaccurate and insufficient. Contrary to plaintiff's conclusory allegations, defendants do not maintain sufficient contacts with Rhode Island to support jurisdiction. Plaintiff has not submitted information sufficient to support jurisdiction. There is no information concerning Rhode Island revenue, Rhode Island advertising, Rhode Island real and personal property, including bank accounts and vehicles, Rhode Island employees, Rhode Island contracts, involvement in any prior Rhode Island civil or criminal case and Rhode Island offices, licenses, certificates or qualifications. Plaintiff has offered a generic and weak allegation that defendants have "interacted" in Rhode Island. Any such interaction is limited to the

telephone or mail.

There should be no question that under the circumstances, BCS, ICS and Lombardi do not maintain the requisite minimum contact with the State of Rhode Island to permit this court to exercise personal jurisdiction over them consistent with the requirements of the due process clause of the Fourteenth Amendment to the Federal Constitution and R.I.G.L. §9-5-33. Defendants have virtually no contact or no significant contact with the State of Rhode Island and their conduct and activities within this state is not such that the company could reasonably anticipate being hailed into court here. O'Neil v. Piccillo, 682 F.Supp. 706 (D.R.I., 1988); Dupont Tire Service Center, Inc. v. North Stonington Auto Truck Plaza, Inc., 659 F.Supp. 861 (D.R.I., 1987); Nicholas v. Buchanan, 806 F.2d 305 (1st Cir. 1986); Benz Marine Sales v. Sleekcraft Boats, 502 A.2d 808 (R.I. 1985).

Rhode Island law requires that the burden of establishing personal jurisdiction is upon the plaintiff. Union Wadding Co. v. White Swan Ltd., 866 F.Supp. 71 (D.R.I., 1994). Plaintiff's complaint is bereft of any factual support for its allegation concerning minimum contacts. Defendants only contact with the State of Rhode Island is via the telephone or the mail. Under the Fourteenth Amendment, this fleeting contact with the state does not support the maintenance of a suit against defendants 500 miles from their offices and would "offend traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 326 U.S. 310 (1945). In judging minimum contacts, a court focuses on the "relationship among the defendant, the forum and the litigation." Shaffer v. Heitner, 433 U.S. 186 (1977).

In this case, neither BCS nor ICS have performed work in Rhode Island. The subcontract between plaintiff and BCS was executed in Delaware and is subject to New York Law. The cleaning agreement between ICS and ACM was executed in Pennsylvania. Any alleged breach of the BCS subcontract agreement happened in another state. Any alleged tortious interference with plaintiff's

cleaning agreement with ACM also happened in another state.

"It is essential in each case that there be some act by which the defendant purposely availed itself of the privilege of coordinating activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Defendants submit that they have done nothing to "purposely avail" themselves of the benefits and protections of Rhode Island Law. For all of the foregoing reasons, defendants contacts with the State of Rhode Island are clearly insufficient and defendants' motion to dismiss pursuant to F.R.C.P. 12(b)(2) should be granted.

Defendants,
**Blue Chip Services, Ltd., Infinity Cleaning Services, Inc. and Joseph J. Lombardi**
By Their Attorney,

David M. Campbell, Esq. (#3355)
Visconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

**CERTIFICATION**

I, the undersigned, do hereby certify that I mailed a true copy of the within document on this 20th day of January, 2005 to:

Stephen R. White, Esq.
200 Centerville Road, Suite 1
Warwick, RI 02886

Mark A. Pogue, Esq.
Raymond M. Ripple, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903