UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEU SOLUTIONS FACILITIES
SERVICES, LLC

V. C.A. NO. 05-006

A.C. MOORE INCORPORATED;
JAMES MITCHELL;
BLUE CHIP SERVICES, LTD;
INFINITY CLEANING SERVICES, INC. AND
JOSEPH J. LOMBARDI

PLAINTIFF'S RESPONSE MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

Defendants have raised the following three issues to which Plaintiff responds:

1. Is a corporate agent liable for tortious interference with a contract with the corporation?

Yes. A corporate agent can be held responsible for tortious interference with a contract to which the agent's corporate principal is the contracting party. See *Ed Peters Jewelry Co., Inc. v. C & J. Jewelry Co., Inc.* 124 F.3d 252, 33 UCC Rep.Serv.2d 664, 47 Fed. R. Evid. 997 (1st Cir. 1997) Thus, while a party normally cannot "interfere" with his own contact and thus has a qualified privilege to terminate his own contracts, nonetheless, specialized rules apply to tortious interference claims against corporate agents. Agency liability is precluded only if the agent either acted in the "best interests" of its principal, *see* *Texas Oil Co. v. Tenneco, Inc.*, 917 S.W.2d 826, 831-32 (Tx.App.-Houston (1 Dist.)1994), or, at the very least, did not act solely to advance his own personal interests, *see* *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th

12

Cir.1995) ("Directors and officers are not justified in acting solely for their own benefit or solely in order to injure the plaintiff because such conduct is contrary to the best interests of the corporation."); *Powell v. Feroleto Steel Co.*, 659 F.Supp. 303, 307 (D.Conn.1986); *Phillips v. Montana Educ. Ass'n*, 187 Mont. 419, 610 P.2d 154, 158 (1980); *see also* *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex.1995) (noting that the personal benefit exception is the logically necessary corollary to the "rule that a party cannot tortiously interfere with its own contract"). See *Dallis v. Don Cunningham & Assocs.*, 11 F.3d 713, 717-18 (7th Cir.1993) (upholding jury verdict against corporate officer who had directed corporation not to pay plaintiff his sales commissions, and where the officer's "own compensation ... skyrocketed" during the relevant time period); *see also, e.g.*, *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir.1994) (upholding jury verdict against corporate officer who induced plaintiff's dismissal, then personally took charge of plaintiff's department).

2. Does this court have Jurisdiction over Lombardi, Blue Chip and Infinity?

Yes. Specific jurisdiction exists over the three Defendants Lombardi, Blue Chip and Infinity. Neu Solutions alleges Lombardi as President of Blue Chip and Infinity did in fact tortiously interfere with Neu Solutions' business relationships and contracts. Plaintiff's verified complaint asserts these defendants committed a tort in the state of Rhode Island by interfering with its rights arising under a Rhode Island contract with Neu Solutions, a Rhode Island corporation. The Due Process clause of the Fourteenth Amendment requires that individuals have " 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign.' " *Burger King*, 471 U.S. at 472, 105 S.Ct. at 2182. In this regard, the Supreme Court has held: Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 [104 S.Ct. 1473, 1478, 79

L.Ed.2d 790] (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v Hall*, 466 U.S., 408, 414 [104 S.Ct. 1868, 1872, 80 L.Ed.2d 404] (1984).

It is not necessary to determine the exact location where the tort of wrongful interference with a business relationship occurs. Defendants have placed telephone calls and faxes to Neu Solutions in Rhode Island, accepted money from Neu Solutions from Rhode Island and have then gone on to interact with third parties to tortiously interfere with that very Rhode Island corporation's business rights arising out of a Rhode Island contract. It was clearly foreseeable to Lombardi, Blue Chip and Infinity that such activity would have a direct effect in Rhode Island. Therefore, it is fair for a Rhode Island court to exercise jurisdiction over Lombardi, Blue Chip and Infinity because their tortious conduct constitutes the requisite minimum contact for the exercise of specific in personam jurisdiction in this case. *Thompson Trading Ltd. v Allied Lyons Plc, Allied Breweries Ltd., Allied Breweries Overseas Trading Ltd., Hiram Walker-Gooderham & Worts, Ltd. and Associated Importers, Inc.* 123 F.R.D. 417, 748 F. Supp 936 (USDC, D. Rhode Island, No. 88-0333 L. Jan. 12, 1989)

3. Is a Covenant Not to Compete sufficient basis for injunctive relief?

Yes. In Rhode Island, it is well settled that while covenants not to compete are disfavored and subject to strict judicial scrutiny, they are enforceable by injunctive relief. *Cranston Print Works Company v Pothier* 848 A.2d 213, 21 IER Cases 232 (RI 2004) citing *Durapin, Inc. v American Products, Inc.*, 559 A.2d 1051, 1053 (R.I.1989). The Rhode Island Supreme court will uphold and enforce such provisions if, *inter alia*, the party seeking to enforce the noncompetition clause (the promisee) shows that the provision is ancillary to an otherwise valid transaction or relationship, and that "the contract is reasonable and does not extend beyond what is

apparently necessary for the protection of those in whose favor it runs." *Cranston Print Works*, citing Restatement (Second) *Contracts* § 188 (1981).

Section 188 of the Restatement (Second) *Contracts* at 41 (1981), entitled "Ancillary Restraints On Competition," provides:
"(1) A promise to refrain from competition that imposes a restraint that is ancillary to an otherwise valid transaction or relationship is unreasonably in restraint of trade if

(a) the restraint is greater than is needed to protect the promisee's legitimate interest, or

(b) the promisee's need is outweighed by the hardship to the promisor and the likely injury to the public.

"(2) Promises imposing restraints that are ancillary to a valid transaction or relationship include the following:

(a) a promise by the seller of a business not to compete with the buyer in such a way as to injure the value of the business sold;

(b) a promise by an employee or other agent not to compete with his employer or other principal;

(c) a promise by a partner not to compete with the partnership."

See also, *In Re Michael E. and Angela L. Ward, Debtors. The Maids International, Inc., Plaintiff, v. Michael E. and Angela L. Ward, Defendants.* 194 B.R. 703, 28

Bankr.Ct.Dec. 1197 United States Bankruptcy Court, D. Massachusetts.Bankruptcy No. 95-45186.Adversary No. 96-4037.April 16, 1996. A franchisor sued to enjoin Chapter 7 debtor-franchisees from violating covenant not to compete in franchise agreement. The Bankruptcy Court, James F. Queenan, Jr., J., held that: (1) covenant not to compete was valid and enforceable, and (2) franchisor's right to enjoin debtors' violation of covenant not to compete was right to equitable remedy which gave rise to right to payment and was "claim," subject to discharge in bankruptcy. It was held that the loss of future profits is typically a principal element of damages for breach of a covenant not to compete. Where the proof involves futuristic projections which are especially subject to contest courts readily grant an injunction for breach of a covenant not to compete. Indeed, the injured party invariably requests injunctive relief because an injunction gives strong assurance he will receive precisely what was bargained for. This avoids the trauma of future injury, the need to prove damages, and problems in collecting a money judgment. The request for equitable relief has historically been regarded as the election of a preferred remedy citing *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir.1991) and STORY'S EQUITY JURISPRUDENCE § 994 (14th ed. 1918).

An injunction is often a particularly appropriate remedy where injury suffered by the plaintiff is to its reputation or goodwill. *Ross Simons of Warwick, Inc. v. Baccarat, Inc,* 66 F. Supp 2d 317, 325 (USDC RI 1999). Here, Neu Solutions faces the prospect of not only the subcontract agreement with Lombardi and Blue Chip being violated, but 33 other subcontractor agreements being violated with impunity if no enforcement is available. The ability of Neu Solutions to negotiate with and operated with any of those subcontractors in the future would be severely compromised without enforcement of the integrity of the non competition clauses in each subcontract agreements.

4. Other Legal Issues:

Is parol evidence of the intent of the parties to the Subcontractor Agreement admissible to show the intent of the parties?

Yes. A judge sitting without a jury in a contract dispute has wide discretion to admit extrinsic evidence of the contracting parties' intent. The First Circuit Court of Appeals has held, in *Eagle-Picher Industries, Inc., v. Liberty Mutual Insurance Company, et al.*, 682 F.2d 12, 17-18 (1st Cir. 1982), that "Given that the primary goal of contract interpretation is to ascertain the intentions of the parties, see Appleman, supra, s 7385; Corbin, supra, s 538; Williston, supra, s 601, a district judge, sitting without a jury, might be well advised to admit provisionally all extrinsic evidence of the parties' intent, unless it is clearly inadmissible, privileged, or too time consuming, in order to guard against reversal." The First Circuit in *Picher* cites ▸*United States ex rel. Placek v. Illinois,* 546 F.2d 1298, 1307 n.9 (7th Cir. 1976); ▸*Elkins v. Townsend,* 296 F.2d 172, 177 (5th Cir. 1961); ▸ *Builders Steel Co. v. Commissioner of Internal Revenue,* 179 F.2d 377, 379 (8th Cir. 1950); 10 Moore's Federal Practice ss 103.21, 103.23 (1982); 1 Weinstein's Evidence P 103(04) at 103-39 (1981). The *Picher* holding concludes that "Where there is adequate admissible evidence to support the findings of the trial judge, any error in admitting other evidence will generally be deemed harmless" citing ▸Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66, 71 n.11 (3d Cir.), cert. denied, ▸409 U.S. 997, 93 S.Ct. 319, 34 L.Ed.2d 262 (1972); ▸Baumel v. Travelers Ins. Co., 279 F.2d 780, 783 & n.4 (2d Cir. 1960).

Plaintiff by its attorney

Stephen R. White

200 Centerville Road, Suite 1

Warwick, Rhode Island 02886

401-732-3939

401-737-0028

Certification: I certified I faxed a copy of the within on January 25, 2005 to:

Mark Pogue, Esq. at 276-6611

Edwards and Angell

2800 Financial Plaza

Providence, RI 02903

David M. Campbell, Esq. at 421-9302

Visconti & Boren, LTD

55 Dorrance Street

Providence, Rhode Island 02903

FILED